**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**------------------------------------------------------------X**
**Edulji BHARUCHA,**

**A78-229-257,**

**Plaintiff-Petitioner,**

**- against -**

**Alberto R. GONZALES, Attorney General; DEPARTMENT OF HOMELAND SECURITY; Michael CHERTOFF, Secretary, Department of Homeland Security;UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; Dr. Emilio T. GONZALES, Director, United States Citizenship & Immigration Services; Andrea QUARANTILLO, District Director, New York District Office, United States Citizenship and Immigration Services, Federal Bureau of Investigations ("FBI"); Central Intelligence Agency ("CIA");**

**Defendants-Respondents.**
**------------------------------------------------------------X**

**COMPLAINT AND PETITION**
**FOR WRIT OF *MANDAMUS***

**Civil Action Docket No.**

***07 CV 5616 Judge Buchwald***
***ECF CASE***

Plaintiff-Petitioner, Edulji Bharucha ("Plaintiff" or "Mr. Bharucha"), by his undersigned attorneys, alleges as follows:

1. This is an action for a judicial determination on a pending naturalization application that has not been adjudicated within the time required by law. In the alternative, this is an action in the nature of mandamus and for declaratory and injunctive relief to compel agency action that has been unlawfully withheld. The action arises under the Immigration & Nationality Act of 1952, as amended ("the Act"), 8 U.S.C.§§1101 *et seq.*, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§551 *et seq.* Subject matter jurisdiction is based upon 8 U.S.C. §1447, 28 U.S.C. §1331, and 28 U.S.C. §1361. This Court may grant relief pursuant to the

APA, the Declaratory Judgment Act, 28 U.S.C. §§2201 *et seq.,* and 28 U.S.C. §1361.

2. Edulji Bharucha is a forty year old lawful permanent resident of the United States, a native and citizen of Pakistan. He currently resides at 245 East 25th Street, Apartment 11B, New York, New York, within the jurisdiction of this Court.

3. Defendant Alberto R. Gonzales, is sued in his official capacity as Attorney General of the United States. In this capacity he has responsibility for the administration of the immigration laws pursuant to 8 U.S.C. §1103, and routinely does and transacts business in the Southern District of New York.

4. Defendant Department of Homeland Security ("DHS") is made a party defendant for purposes of obtaining relief pursuant to the APA, 5 U.S.C. §701 *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §2201 *et seq*.

5. Defendant Michael Chertoff is sued in his official capacity as the Secretary of the Department of Homeland Security ("DHS") which agency succeeded to the responsibilities of the former Immigration and Naturalization Service ("INS") on March 1, 2003, pursuant to the Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (Nov. 25, 2002). In this capacity, he has the responsibility for the administration of the immigration laws pursuant to 8 U.S.C §1103, routinely does and transact business in the Southern District of New York.

6. Defendant United States Citizenship and Immigration Service ("USCIS") is a federal agency within the Department of Homeland Security, organized and existing under the laws of the United States of America, charged with responsibility for the immigration laws. The USCIS has the responsibility of adjudicating applications under the Act, and maintains offices in the District of New York located at 26 Federal Plaza, New York, New York. They are made a

party defendant for purposes of obtaining declaratory and injunctive relief pursuant to the APA and the Declaratory Judgment Act.

7. Defendant Dr. Emilio T. Gonzales is sued in his official capacity as the Director of the USCIS, and in this capacity has responsibility for the administration of the immigration laws pursuant to 8 U.S.C. §1103.

8. Defendant Andrea Quarantillo is sued in her official capacity as the District Director of the New York District of the USCIS, and in this capacity has responsibility for adjudicating applications submitted to the New York District.

9. Defendant Department of Justice, Federal Bureau of Investigation ("FBI") is also an agency organized and existing under the laws of the United States of America. The FBI, among other things, has the responsibility of performing timely background checks on those persons applying for various immigration benefits, including naturalization under 8 U.S.C. § 1255.

10. Defendant Central Intelligence Agency ("CIA") is also an agency organized and existing under the laws of the United States of America. The CIA, among other things, has the responsibility of performing timely background checks on those persons applying for various immigration benefits, including naturalization under 8 U.S.C. § 1255.

11. Mr. Bharucha became a lawful permanent resident of the U.S. in 2001, and subsequently filed an Application for Naturalization, Form N-400, on or about July 5, 2006. A copy of the receipt notice is annexed hereto as Exhibit "A." Thereafter, he was scheduled for a biometrics appointment, which he attended on July 24, 2006. A copy of the biometrics appointment notice is annexed hereto as Exhibit "B."

12. Mr. Bharucha was thereafter scheduled to appear for an interview on his naturalization application on October 11, 2006. He appeared as scheduled, and passed both the history and

English proficiency exams. He was given Form N-14, requesting that he provide his marriage certificate, and IRS tax transcripts. He was told that a decision could not be made on his application due to security clearances. A copy of the Interview Results, Form N-652 and Form N-14 are annexed hereto as Exhibit "C." Soon thereafter, Mr. Bharucha's wife hand-delivered the requested information to USCIS.

13. After waiting several months without any correspondence from USCIS, Mr. Bharucha contacted USCIS on or about March 27, 2007, requesting the status of his application. He received a response from the Service, indicating that though his case is being processed, "additional review" was being performed. A copy of the response is annexed hereto as Exhibit "D."

14. After retaining current counsel, on April 18, 2007, undersigned counsel wrote to DAO Masino, who had conducted the naturalization interview. In our letter, we explained that despite the fact that Mr. Bharucha had been interviewed six (6) months prior, he still had not received a decision on his application. A copy of the letter dated April 18, 2007, is annexed hereto as Exhibit "E."

15. In a letter dated April 19, 2007, Officer Masino again stated that Mr. Bharucha's application was pending the completion of security checks. A copy of this letter is annexed hereto as Exhibit "F."

16. As of this date, over seven (7) months since Mr. Bharucha's interview, and over ten months since his application was filed, USCIS has failed to adjudicate the Application for Naturalization, Form N-400. __________

**COUNT ONE**

17. Paragraphs 1 through 17 are repeated and realleged as though fully set forth herein.

18. Mr. Bharucha has properly filed an Application for Naturalization, Form N-400, with the Defendant USCIS on or about July 5, 2006, over eleven months ago.

19. Pursuant to 8 U.S.C. §1447(b), Mr. Bharucha should be granted a hearing regarding his naturalization application by this Court, and should be naturalized.

**COUNT TWO**

20. Paragraphs 1 through 17 are repeated and realleged as though fully set forth herein.

21. Under the APA, 5 U.S.C. §555(a), agencies are required to proceed with reasonable dispatch to conclude matters presented to them. Under the APA, 5 U.S.C. § 706(1), this Court has the power to compel agency action which has unlawfully been withheld or unreasonably delayed.

22. The continuing failure of the Defendants to oversee the completion of Plaintiff Bharucha's security checks and adjudicate the Plaintiff's Application for Naturalization, violates the APA requirement that agencies proceed with reasonable dispatch to adjudicate the matters presented to them.

**COUNT THREE**

23. The allegations contained in paragraphs 1 through 17 above are repeated and realleged as though fully set forth herein.

24. The continuing failure of USCIS to adjudicate Plaintiff's Application for Naturalization, is subject to correction by mandamus under 28 U.S.C. §1361.

**COUNT FOUR**

25. The allegations contained in paragraph 1 through 17 above are repeated and realleged as though fully set forth herein.

26. The actions of USCIS in failing to adjudicate Plaintiff's Application for Naturalization deprives Plaintiff of a protected interest contrary to the due process clause of the Fifth Amendment to the U.S. Constitution.

**COUNT FIVE**

27. The allegations in paragraphs 1 through 17 above are repeated and realleged as though fully set forth herein.

28. Under the APA, 5 U.S.C. §555(a) , agencies are required to proceed with reasonable dispatch to conclude matters presented to them. Under the APA, 5 U.S.C. §706(1), this Court has the power to compel agency action which has unlawfully been withheld or unreasonably delayed.

29. The continuing failure of the FBI to process Plaintiff's background clearance, violates the APA requirement that agencies proceed with reasonable dispatch to adjudicate the matters presented to them.

**COUNT SIX**

30. The allegations contained in paragraphs 1 through 17 above are repeated and realleged as though fully set forth herein.

31. The continuing failure of the FBI to process Plaintiff's background clearance is subject to correction by mandamus under 28 U.S.C. §1361.

**COUNT SEVEN**

32. The allegations contained in paragraphs 1 through 17 above are repeated and realleged as though fully set forth herein.

33. Under the APA, 5 U.S.C. §555(a) , agencies are required to proceed with reasonable dispatch

to conclude matters presented to them. Under the APA, 5 U.S.C. §706(1), this Court has the power to compel agency action which has unlawfully been withheld or unreasonably delayed.

34. The continuing failure of the CIA to process Plaintiff's background clearance, violates the APA requirement that agencies proceed with reasonable dispatch to adjudicate the matters presented to them.

## COUNT EIGHT

35. The allegations contained in paragraphs 1 through 17 are repeated and alleged as though fully set forth herein.

36. The continuing failure of the CIA to process Plaintiff's background checks is subject to correction by mandamus under 28 U.S.C.§1361.

**WHEREFORE**, Plaintiff -Petitioner demands judgment:

a. Granting him a hearing before this Court on his naturalization application and declaring that he is entitled to be naturalized, or in the alternative;

b. Declaring the failure of the USCIS to timely adjudicate his application for naturalization to be unlawful; or

c. Ordering the immediate completion of Plaintiff Edulji Bharucha's security checks;

d. Ordering the USCIS to immediately adjudicate Plaintiff's Application for Naturalization;

e. Granting such other and further relief as this Court may deem just and proper.

Dated: June 7, 2007
Melville, New York

Michael P. DiRaimondo, Esq.
DiRaimondo & Masi, LLP
Attorneys for Plaintiff
401 Broadhollow Road, Suite 302
Melville, New York, 11747
(631)777-5557

**UNITED STATES DISTRICT COURT**
**--------------------SOUTHERN DISTRICT OF NEW YORK--------------------**

**SUMMONS IN A CIVIL ACTION**

**------------------------------------------------------------X**

**Edulji BHARUCHA,**

**A78-229-257,**

**Plaintiff-Petitioner,**

**- against -**

**Alberto R. GONZALES, Attorney General; DEPARTMENT OF HOMELAND SECURITY; Michael CHERTOFF, Secretary, Department of Homeland Security; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; Dr. Emilio T. GONZALES, Director, United States Citizenship & Immigration Services; Andrea QUARANTILLO, District Director, New York District Office, United States Citizenship and Immigration Services, Federal Bureau of Investigations ("FBI"); Central Intelligence Agency ("CIA");**

**Defendants-Respondents.**

**------------------------------------------------------------X**

**SUMMONS**

**Civil Action Docket No.**

**TO: Honorable Alberto R. Gonzales**
**Attorney General**
**Main Justice**
**10th & Constitution Avenues, N.W.**
**Washington, D.C. 20530**

**-and-**

**Michael Chertoff, Secretary**
**Department of Homeland Security**
**Washington, D.C. 20528**

**Dr. Emilio T. Gonzales, Director**
**U.S. Citizenship and Immigration Service**
**425 Eye Street**
**Washington, D.C. 20536**

**-and-**

**Andrea QUARANTILLO**
**District Director, NY Office**
**USCIS**
**26 Federal Plaza, 11th Floor**
**New York, New York 10278**

**Federal Bureau of Investigations**
**26 Federal Plaza**
**New York, New York 10278**

**-and-**

**Central Intelligence Agency**
**Washington, D.C. 20505**

**YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon PLAINTIFFS' ATTORNEY:**

**Michael P. DiRaimondo, Esq.**
**DiRaimondo & Masi, LLP**
**401 Broadhollow Road, Suite 302**
**Melville, NY 11747**
**(631) 777-5557**

**an answer to the complaint which is herewith served upon you, within 60 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

______________________ **, Clerk** ______________ **Date**

______________________
**By Deputy Clerk**